NEIL C. HYSLEP AND ANN A. HYSLEP, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hyslep v. Commissioner
Docket No. 8024-86.
United States Tax Court
T.C. Memo 1988-289; 1988 Tax Ct. Memo LEXIS 317; 55 T.C.M. (CCH) 1203; T.C.M. (RIA) 88289; June 30, 1988. Neil C. Hyslep and Ann A. Hyslep, pro se. Monica J. Miller and Stephen R. Takeuchi, for the respondent. PAJAK
MEMORANDUM FINDINGS OF FACT AND OPINION PAJAK, Special Trial Judge: Respondent determined a deficiency of $ 4,888 in petitioners' 1981 Federal income tax. (All section references are to the Internal Revenue Code of 1954, as in effect during the taxable years in question, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure.) Prior to trial respondent conceded an Individual Retirement Account issue. The issues for decision are: (1) whether petitioner-husband's employment during 1981 was temporary or indefinite; (2) whether petitioners are entitled to a refund on their 1981 taxes; (3) whether petitioners are entitled to litigation costs and penalties; (4) whether petitioners are liable for additions to tax for negligence pursuant to sections 6653(a)(1) and 6653(a)(2); *319 and (5) whether damages should be awarded to the United States under section 6673. FINDINGS OF FACT To the extent stipulated, the facts are so found except that we read the phrase "property-labor" in the stipulation of facts to mean "labor." Petitioners resided in Jacksonville, Florida, at the time their petition was filed. Petitioner Neil C. Hyslep (petitioner) was a construction electrician/welder from 1945 through 1983. As a member of the International Brotherhood of Electrical Workers (IBEW), petitioner received work assignments from Local 828, Bowling Green, Kentucky. Petitioner was referred by Local 828 to IBEW Local 323, West Palm Beach, Florida to work at the Port St. Lucie Nuclear Generating Station #2 (Port St. Lucie), Hutchinson Island, Florida. The construction of Port St. Lucie began in July, 1970, and was completed in August, 1983. During the construction of Port St. Lucie and of an adjacent Station #1, approximately 25 to 525 construction electricians were employed at any given time. Petitioner began work at Port St. Lucie on September 17, 1979 and worked there, with minor breaks in service, until mid-1982. Petitioner lived in a house trailer in Jensen *320 Beach, Florida, approximately nine and one-half miles from his place of work at Port St. Lucie. He also maintained a home in Jacksonville, Florida, where his wife resided. He traveled approximately 23 weekends to his home in Jacksonville, a distance of 262 miles each way. Petitioners claimed $ 12,658.67 on their 1981 Federal income tax return as employee business expenses. Most of these expenses were incurred in maintaining the house trailer in Jensen Beach and for transportation between Jacksonville and Port St. Lucie. In January 1983, petitioners filed an amended 1981 income tax return, Form 1040X. On that return, petitioners subtracted all of petitioner's wages from the amount originally reported, leaving a remainder of $ 806.07 in interest income. After a $ 400 exclusion was taken, petitioners reported that their taxable income for 1981 was $ 406.07. Based on the alleged $ 406.07 in gross income, petitioners claimed a $ 3,795.00 refund. No refund was made. Petitioners asserted in their petition that they are private non-franchised individuals, and that petitioner's W-2 Form wages were not taxable, but instead represented the sale of personal property not held as *321 capital. Petitioners' petition is replete with tax protestor arguments and does not raise the away from home issue except by setting out the disallowed amount as an erroneous item and detailing this amount as "Expenses Incurred - Sale of Property." They also asked the Court to award them litigation costs and such penalties as this Court finds just. Respondent disallowed petitioners' employee business expense deductions as being unsubstantiated. Respondent also disallowed these expenses on the grounds that petitioner's employment was for an indefinite period and the expenses were incurred at petitioner's tax home. Respondent determined that all or part of the underpayment of tax by petitioners was due to fraud under section 6653(b). By answer, respondent asserted that additions to tax were due under sections 6653(a)(1) and (2) and that damages should be awarded to the United States under section 6673. OPINION Petitioner contends that his travel expenses are deductible under section 162(a)(2) as traveling expenses incurred while away from home in pursuit of a trade or business. [1] For the reasons set forth below, we agree with respondent that the expenses were not incurred *322 while petitioner was away from home. This Court has held that a taxpayer's "home" for purposes of section 162(a)(2) is the vicinity of the taxpayer's principal place of employment and not where his personal residence is located. ; . An exception to this rule exists when a taxpayer accepts employment away from home which is temporary as opposed to indefinite. . Petitioner worked at Port St. Lucie from September 17, 1979 until, as he stated at trial, "a little past the middle of 1982." When he began, he knew the project would *323 last a number of years. Each time he was laid off, he was rehired shortly thereafter. Petitioner never worked near his Jacksonville residence during the time he worked at Port St. Lucie. In an earlier case involving petitioner, , affd. without published opinion , cert. applied, March 28, 1988 (Hyslep No. 2), this Court held that petitioner's employment during 1980 at Port St. Lucie was for an indefinite period and denied his deductions for housing and transportation expenses. The facts in this case are essentially the same as the facts in Hyselp No. 2. Collateral estoppel applies in a second action based upon a different cause, as in the instant case because of the different tax years involved, where the facts and the law remained unchanged from a prior action. The judgment in the prior action operates as an estoppel as to those facts necessarily determined in order to arrive at the judgment rendered, absent fraud or some other factor invalidating the judgment. . Since we find no pertinent change in all the facts *324 and circumstances from 1980 to 1981, respondent must prevail on the basis of collateral estoppel. Since petitioner's employment in 1981 was indefinite, his deductions are denied as non-deductible personal living expenses under section 262. Based on the record, petitioner's history of employment at Port St. Lucie totaled approximately 3 years. Even if collateral estoppel did not apply, on this record we find petitioner's employment during 1981 to be indefinite. Petitioners obviously are not entitled to a refund for their 1981 tax year. Petitioners' assertion that petitioner's wages for his labor were not taxable income, but instead were for the sale of personal property not held as capital, is a frivolous, groundless claim. Gross income means all income from whatever source derived including, but not limited to, wages. ; . Petitioners' argument that wages are not income has been rejected repeatedly by this and other Courts. It does not merit further discussion here. . To be awarded reasonable *325 litigation costs, among other things, a taxpayer must show that he is the prevailing party as defined in section 7430. Sec. 7430(a). Petitioners are not prevailing parties and their request for litigation costs is denied. Respondent did not press the addition to tax for fraud under section 6653(b)(1). In his answer, respondent asserted that the petitioner is liable for additions to tax for negligence under sections 6653(a)(1) and 6653(a)(2). The burden of proof is on respondent for issues raised for the first time in his answer. ; Rule 142(a). Although petitioners' position on the away from home issue had little chance of success, it was a question of fact. At the time petitioners filed their 1981 return in March 1982, they were unaware of this Court's decision in 1986 with respect to the away from home issue as set forth in Hyslip No. 2. (Emphasis supplied.) We find that their deduction of employee business expenses on their 1981 return was not due to negligence and the resulting underpayment was not due to negligence within the meaning of section 6653. Petitioners asked this Court to award them such penalties *326 as we find just. We find it just not to award them any penalties. Instead, we find it just to award damages to respondent. Congress has granted this Court the authority to award the United States damages of up to $ 5,000 whenever it appears to this Court that the proceedings before it have been instituted or maintained by the payer's primarily on delay of that the taxpayer's position in such proceedings was frivolous or groundless. Sec. 6673. In (Hyslep No. 1), the Eleventh Circuit Court of Appeals, to which an appeal of this decision would lie, sustained the District Court's imposition of the $ 500 penalty under section 6702(a) for filing a frivolous return for 1982. The Eleventh Circuit held that the arguments made by petitioners were frivolous. The Circuit Court also warned petitioner that those who raise frivolous arguments may expect to have sanctions imposed upon them by the Courts. Hyselp No. 1 at 1084-1085. The record is loaded with tax-protestor arguments in the various voluminous documents filed by petitioners. Petitioner asserted that wages are not income, that his wages represent a non-taxable *327 exchange of money for property, i.e., his labor, that he is a "non-franchised, private sovereign citizen" who is not liable for Federal income tax, and that he is not an employee. These tax-protestor arguments have been repeatedly dismissed as frivolous and groundless. Hyselp No. 1; , affg. per curiam an unreported opinion of this Court. Although respondent conceded the IRA issue before trial, and we did not find negligence when the return was filed, petitioners' position was replete with repetitive and worthless tax protester arguments. Petitioners should not be permitted to waste the Court's time and resources by bringing frivolous and groundless positions before the Court and escape liability under section 6673 merely because they have other issues to be decided. See , affd. . [2] In Rager, section 6673 damages were awarded in a case where the taxpayer asserted a frivolous ULC argument and an unrelated argument. To the same effect, see ; *328 . Moreover, the petition in this case was filed after the Eleventh Circuit's opinion in Hyselp No. 1 was issued. (Emphasis supplied.) Petitioners nevertheless continued to make the same arguments the Eleventh Circuit held to be frivolous. Petitioner had been personally warned by the Eleventh Circuit that those who raise frivolous contentions would have sanctions imposed upon them. Petitioners were aware of section 6673. We find that petitioners' position in this proceeding is frivolous and groundless, and that petitioners have maintained this action primarily for delay. Damages will be awarded to the United States in the amount of $ 5,000. Decision will be entered under Rule 155.
Footnotes
1. Section 162(a) provides in pertinent part: (a) IN GENERAL. -- There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including -- * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in pursuit of a trade or business * * * ↩
2. In addition to sustaining this Court's award of damages under section 6673, the Ninth Circuit imposed double costs and $ 1,000 attorney's fees for which the taxpayers and their counsel were jointly and severally liable. , affg. a Memorandum Opinion of this Court. ↩